IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MALCOLM RASHAD PITTMAN,**

    Petitioner,

v.                                                                                                                 Civil Action No. **3:25CV195**

**GEORGE E. SCHAEFER,**

    Respondent.

**MEMORANDUM OPINION**

Petitioner, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 6) challenging his convictions in the Circuit Court for the City of Norfolk, Virginia ("Circuit Court"). Respondent moves to dismiss on the grounds that, *inter alia*, the action is barred by the relevant statute of limitations. For the reasons set forth below, the § 2254 Petition will be DENIED as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

Petitioner was convicted in the Circuit Court of first-degree murder and use of a firearm in the commission of a felony. (ECF No. 18-7, at 6.) Petitioner appealed. (*Id.* at 1.) Petitioner's initial appeal was denied because Petitioner failed to timely file a necessary transcript. (*Id.* at 1–2.) Petitioner was granted permission to file a delayed appeal. (*Id.* at 5.) Thereafter, on May 18, 2020, the Court of Appeals of Virginia denied Petitioner's Petition for Appeal on the merits. (*Id.* at 6–8.)

On or about March 12, 2025, Pittman filed his initial 28 U.S.C. § 2254 petition with this Court. ("Original § 2254 Petition," ECF No. 1.) The Court directed Petitioner to file the petition on the standardized form for filing a 28 U.S.C. § 2254 petition. (ECF No. 5.) On May 8, 2025,

the Court received Petitioner's § 2254 Petition. (ECF No. 6.) In his § 2254 Petition, Petitioner contends that he is entitled to relief on the following grounds:[1]

Ground One: "Lack of subject matter jurisdiction & double jeopardy." (*Id.* at 5.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars the § 2254 Petition. (ECF No. 18, at 3–4.) Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> **1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[1] The Court limits its review of Petitioner's claims to those claims set forth in his § 2254 Petition.

### B.       Commencement and Running of the Statute of Limitations

Petitioner's conviction became final when the time for noting an appeal with the Supreme Court of Virginia expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired...." (citing 28 U.S.C. § 2244(d)(1)(A))). Normally, Petitioner would have thirty (30) days from the date the Court of Appeals of Virginia denied his Petition for Appeal—May 18, 2020—to pursue an appeal to the Supreme Court of Virginia. *See* Va. Sup. Ct. R. 5:14(a) (requiring notice of appeal to be filed within thirty days after judgment of the Court of Appeals of Virginia). However, "[o]n March 16, 2020, the Supreme Court of Virginia began issuing the Emergency Orders, declaring and extending a judicial emergency in response to the COVID-19 pandemic. . . .. As the pandemic progressed, the Supreme Court of Virginia continued issuing Emergency Orders addressing the pandemic and extending and tolling deadlines." *Geiger v. Abarca Fam. Inc.*, No. 3:21CV771 (DJN-EWH), 2022 WL 4242838, at *11 (E.D. Va. July 29, 2022), *report and recommendation adopted*, No. 3:21CV771 (RCY), 2022 WL 4241649 (E.D. Va. Sept. 14, 2022). In the Seventh Emergency Order, entered July 8, 2020, the Supreme Court of Virginia stated: "The tolling period as a result of the Judicial Emergency for such statutes of limitation and deadlines shall be limited to March 16, 2020 through July 19, 2020. This period of tolling shall not be counted for purposes of determining statutes of limitation or other case-related deadlines." *Id.* at *12 (citing Seventh Emergency Order at 2)). Hence, Petitioner had thirty (30) days from July 19, 2020, to note an appeal to Supreme Court of Virginia. *See* Va. Sup. Ct. R. 5:14(a). Accordingly, Petitioner's conviction became final on Tuesday, August 18, 2020.

Therefore, Petitioner had one year, or until Wednesday, August 18, 2021, to file his § 2254 Petition. Because Petitioner did not file his Original § 2254 Petition until March 12, 2025, this action is barred by the relevant statute of limitations. Unless Petitioner demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable exception to the limitation period, the action is barred by the statute of limitations. Neither Petitioner nor the record suggest any plausible basis for belated commencement of the limitation period. Instead, Petitioner states:

> My last lawyer became a judge leaving me to study my case *pro se*. I discover being penalize twice for one person's death and any voidable contract can be raised at any time. Not one of these lawyers enlighten me whatsoever and the last two became judges. How can you become a judge for an honorable court keeping information from the person you're fighting to protect? I was guilty from the start with these people which violates my due process to a fair trial. Double recoveries cannot be rewarded because it challenge fundamental fairness and the US Constitution. You can't set laws and don't abide by them, it's uncivilized.

(ECF No. 6, at 13–14.).

To the extent Petitioner suggests that he is entitled to equitable tolling, the foregoing rant fails to satisfy his burden. Petitions under 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (10th Cir. 2008) (emphasis added). Petitioner fails to specifically

demonstrate his problems with his former attorneys, how proceeding *pro se* constitutes extraordinary circumstances, or that he has been pursuing his rights diligently. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (observing that "ignorance of the law is not a basis for equitable tolling").

### III.  CONCLUSION

The § 2254 Petition will be DENIED.  The action will be DISMISSED.  The Motion to Dismiss (ECF No. 17) will be GRANTED.  A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: October 1, 2025
Richmond, Virginia

5